**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Rebecca Owens, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:26-cv-1296 |
| | ) | |
| TrueAccord Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT AND REGULATION F**

**Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**Jurisdiction**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Venue**

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Rebecca Owens, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, TrueAccord Corp. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 16011 College Blvd, Suite 130, Lenexa, KS 66219. *See Exhibit "1" attached hereto*.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. The Defendant has contacted the Plaintiff multiple times via telephone call in its attempts to collect the debt at issue in this matter.

27. Prior to June 7, 2026, Defendant was attempting to collect a debt from Plaintiff that she allegedly owed to Comcast.

28. On June 7, 2026, Defendant contacted Plaintiff via email about the aforementioned alleged debt.

29. On June 7, 2026, Plaintiff identified her legal counsel to Defendant and responded to the email stating "Please send all further information to: John Steinkamp & Associates". Prior to June 7, 2026, Plaintiff had retained John Steinkamp & Associates for legal representation regarding her debts.  The email included the contact information for John Steinkamp & Associates. *See Exhibit "2" attached hereto*.

30. Upon information and belief, Defendant received the aforementioned email from Plaintiff.

31. After receipt of the aforementioned Notice of Bankruptcy issued by the U.S. Bankruptcy Court, the Defendant had more than enough time to update its systems regarding when— and if--it contact the Plaintiff.  *See, e.g*., Herbert v. Monterey Financial Services, Inc., 863 F.Supp. 76 (D.Conn. 1994)(District Court ruling that five days was sufficient time for debt collection agency to update its system that the consumer had legal representation).

32. On June 13, 2026, Defendant emailed Plaintiff again in an attempt to collect the debt at issue in this matter. *See Exhibit "2" attached hereto*.

33. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA.

34. On June 17, 2026, as a result of Defendant's wrongful conduct, Plaintiff had their attorney send a letter to Defendant regarding this matter.  *See Ex. "3" attached hereto.*

35. Plaintiff's injuries constitute an injury-in-fact.  Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent his regarding the debt at issue in this matter, would be left with the impression that retaining legal counsel was futile and that she did not have the rights Congress granted to her under the FDCPA.

Defendant's violations of the FDCPA constitute more than just bare procedural violations.

36. Defendant's wrongful conduct constituted an intrusion upon her seclusion and an invasion of her privacy.

37. Because Plaintiff had to take time out of her day to address this matter by contacting her attorney, Plaintiff has standing to bring this action. *See* Leung v. XPO Logistics, Inc., 154 F.Supp.3d 1032, 1037 (7th Cir. 2015)("When a Defendant's allegedly wrongful conduct costs the Plaintiff time, the Plaintiff has suffered an injury in fact"). *See also* Lako v. Portfolio Recovery Associates, 2021 WL 3403632 (W.D. 2021). Plaintiff's cell phone alerts her—or pings—when she receives a new email. Plaintiff had to take time out of her day to review the email. She had to take time out of her day to forward the email to her attorney. She had to take time out of her day to discuss this matter with her attorney.

38. Because Plaintiff Plaintiff had to expend her financial resources, Plaintiff has standing to bring this lawsuit. *See* Brandt v. Vill. Of Winneka, Ills., 612 F.3d 647, 649 (7th Cir. 2011)("[b]ut standing may be conferred 'when a plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by defendant's acts"). Indeed, Plaintiff had to use her cell phone to call her bankruptcy attorney and to send the email to her attorney. Defendant's unlawful actions caused Plaintiff to call her attorney for this case.

39. Because Defendant contacted Plaintiff in an attempt to collect the alleged debt at issue in this matter while Plaintiff had informed Defendant that she had legal counsel, Plaintiff has standing to bring this case. Unwanted telephone calls and text messages confer standing on the Plaintiff. *See* Gadelhak v. AT&T Services, Inc., 950 F.3d 458 (7th Cir. 2020); Ward v. NPAS, Inc., 63 F.4th 576 (6th Cir. 2023); Krakauer v. Dish Network, LLC, 925 F.3d 643 (4th Cir. 2019); Perez v. McCreary, Veselka, Bragg, & Allen, P.C., 45 F.4th 816 (5th Cir. 2022); Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 103 (9th Cir. 2017); Melito v. Experian Marketing Solutions, Inc., 923 F.3d 85 (2d Cir. 2019); Cranor v. 5 Star Nutrition, LLC, 998 F.3d 686 (5th Cir. 2021); Susinno v. Work Out World, Inc., 862 F.3d 346 (3d Cir. 2017); Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021). Plaintiff's cell phone alerts her, or "pings", each time that she receives a new email so the receipt of an email is almost identical to the receipt of a text message. Defendant's unlawful actions disrupted the Plaintiff's day because Plaintiff took time out of her day to check her cell phone each time that she received the emails from Defendant.

40. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

**First Claim for Relief:**
**Violation of the FDCPA**

1.  The allegations of Paragraphs 1 through 40 of the complaint are realleged and incorporated herewith by references.

2.  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c because Defendant continued to contact Plaintiff despite knowledge that he had legal representation for the debt at issue in this matter.

3.  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

2.  The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to continue to contact him directly in attempts to collect a debt despite being prohibited from doing so by the FDCPA.

3.  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

4.  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Second Claim for Relief:**
**Violation of Regulation F**

1.  The allegations of paragraphs 1 through 40 of the complaint are realleged and incorporated herein by reference.

2.  The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.18(c )(2).

3.  As a result of the above violations of the FDCPA, Defendant is liable to Claimant for actual damages, statutory damages of $1,000 per Defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Actual damages under 15 U.S.C. § 1692k(a)(1).

5

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com